# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMEXSTEEL, INC., et al.,,<br><br>                                Plaintiff,<br>vs.<br><br>CHARLES D. FLYNN, et al.,,<br><br>                              Defendant. | CASE NO. 06cv814 BTM (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR FEES AND COSTS** |

Defendant has filed a motion for costs and fees [Doc. #90]. For the reasons discussed below, Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## I. INTRODUCTION

In May 2006, Plaintiffs NorMexSteel, Inc. ("NorMex"), Joann Hunter, and Douglas Payne filed an amended complaint alleging six causes of action against Defendant Charles Flynn individually, as well as in his capacity as trustee of the Taurus Trust and as an officer and director of Baiaverde Investment Corp. The complaint alleged that Defendant and Terry Hunter, a consultant to NorMex, entered an agreement whereby Plaintiffs Hunter and Payne pledged their NorMex stock to Defendant in exchange for his procuring investor financing. Under the alleged agreement, Defendant was to hold the shares in escrow until securing investors, but, according to Plaintiffs, Defendant instead sold the shares on the open market without fulfilling his promise. Plaintiffs moved for a preliminary injunction enjoining Defendant from selling or otherwise trading the shares they maintained he fraudulently obtained.

After an evidentiary hearing, the Court issued its Findings of Fact and Conclusions

1  of Law Denying Plaintiffs' Motion for Preliminary Injunction ("Order").  In denying Plaintiffs'
2  request, the Court found Plaintiffs' version of the events implausible, full of
3  inconsistencies, and contradicted by several exhibits.  Specifically, the Court held that the
4  evidence showed Plaintiffs Hunter and Payne were not bona fide plaintiffs because they
5  were not the true owners of the NorMex stock at issue.  Further, the Court concluded that
6  Plaintiffs failed to properly state a single cause of action displaying a likelihood of success
7  on the merits which would warrant their request for equitable relief.

8  Shortly after the Court issued its order, but before Defendant filed his answer or a
9  motion for summary judgment, Plaintiffs voluntarily dismissed the case without prejudice
10 pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).[1]

11 Defendant brings the current motion for costs in the amount of $5,458.54 and fees
12 totaling $168,875.50.

## II. DISCUSSION

### A. Entitlement to Costs

Defendant asserts entitlement to costs "as of course" because he is a "prevailing party" within the meaning of Rule 54(d)(1).  The Court agrees.

The Court retains jurisdiction to consider collateral issues, including motions for costs and fees, even after an action has been voluntarily dismissed by a plaintiff.  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990).  Rule 54(d)(1) provides that "costs . . . shall be allowed as of course to the prevailing party unless the court directs otherwise."  Accordingly, Defendant's recovery of costs necessarily hinges upon whether he is a "prevailing party" by reason of Plaintiffs' voluntary dismissal of the action without prejudice.

There are two divergent views as to whether a defendant becomes a "prevailing party" when a plaintiff voluntarily dismisses his suit without prejudice pursuant to Rule

---

[1] All further Rule references to are to the Federal Rules of Civil Procedure unless otherwise noted.

1  41(a)(1)(i). In some circuits, a litigant cannot attain "prevailing party" status absent a
2  victorious adjudication on the merits or its practical equivalent – a voluntary dismissal *with*
3  prejudice.[2] However, in the Ninth Circuit, classification as a "prevailing party" is not
4  restricted to litigants prevailing after a trial on the merits. <u>Corcoran v. Columbia</u>
5  <u>Broadcasting System</u>, 121 F.2d 575, 576 (9th Cir. 1941). Instead, where a defendant is
6  put to the expense of opposing a preliminary matter and a plaintiff then voluntarily
7  dismisses his claims without amendment and without prejudice, the defendant has been
8  deemed a "prevailing party within the spirit and intent" of the governing statute or rule, in
9  this case, Rule 54(d). <u>Id.</u>; <u>Kollsman v. Cohen</u>, 996 F.2d 702, 706 (4th Cir. 1993) (citing
10 <u>Corcoran</u> in granting costs to defendant under Rule 54(d) when plaintiff voluntarily
11 dismissed action); <u>Pacific Vegetable Oil Corp. v. S/S Shalom</u>, 257 F. Supp. 944, 953 n. 5
12 (S.D.N.Y. 1966) (same).

13 Although the parties cite the potentially meritorious positions taken by other circuits
14 as support for their motions, <u>Corcoran</u> is controlling precedent in the Ninth Circuit and
15 Defendant is therefore a "prevailing party" within the meaning of Rule 54(d)(1). Here,
16 Defendant successfully opposed Plaintiffs' request for a preliminary injunction, an issue of
17 central importance to the underlying matter, ultimately leading Plaintiffs to voluntarily
18 dismiss their suit. <u>See</u> <u>Corcoran</u>, 121 F.2d at 576; <u>All American Distributing Co. v. Miller</u>
19 <u>Brewing Co.</u>, 736 F.2d 530, 532 (9th Cir. 1984) (finding conferment of "prevailing party"
20 status proper where, even without adjudication on merits, Defendant successfully
21 opposed a preliminary injunction request and Plaintiff then voluntarily dismissed all other

---

[2] <u>See</u> <u>Dattner v. Conagra Foods, Inc.</u>, 458 F.3d 98, 103 (2d Cir. 2006) (stating Defendant was not a "prevailing party" after obtaining a forum non conveniens dismissal because Plaintiff could still sue him elsewhere and there had been no trial on merits); <u>Sequa v. Cooper</u>, 245 F.3d 1036, 1037 (8th Cir. 2001) (upholding cost award under Court's inherent authority but disagreeing with conclusion that Plaintiff's voluntary dismissal without prejudice made Defendant a "prevailing party"); <u>Szabo Food Serv., Inc. v. Canteen Corp.</u>, 823 F.2d 1073, 1076-1077 (7th Cir. 1987) (holding a voluntary dismissal without prejudice is not the equivalent to victory on the merits and Defendant thus could not be a "prevailing party" because he remained at risk to further litigation on the claim). Compare <u>Cantrell v. Int'l Bhd. Of Elec. Workers, AFL-CIO, Local 2021</u>, 69 F.3d 456, 458 (10th Cir. 1995) ("when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d)").

1 claims). More importantly, Plaintiffs' dismissal under the present factual context operates,
2 in a very practical sense, as a dismissal *with* prejudice. Given the Court's conclusion that
3 Plaintiffs Hunter and Payne were not bona fide litigants because they were not the true
4 owners of the disputed NorMex securities, it appears these particular Plaintiffs could
5 never again bring suit against Defendant under the same facts.[3] This scenario serves as
6 a de facto adjudication on the merits and further bolsters Defendant's entitlement to
7 "prevailing party" status. Therefore, because Defendant was put to the expense of
8 defending on a preliminary matter and because he is a "prevailing party" within the "spirit
9 and intent" of the Rule, Defendant is entitled to costs "as of course." Corcoran, 121 F.2d
10 at 576; Fed. R. Civ. P. 54(d)(1). Accordingly, Defendant is awarded costs in an amount
11 to be determined by the Clerk.

### B.) Entitlement to Fees

14 The "American Rule" provides that each party bear the cost of its attorney's fees
15 regardless of the outcome of the litigation. Alyeska Pipeline Co. v. Wilderness Soc'y, 421
16 U.S. 240, 247 (1975). As a general matter, prevailing litigants are only entitled to collect
17 attorney's fees where there is explicit statutory authorization or a binding contractual
18 provision providing for such awards. Key Tronic Corp. v. United States, 511 U.S. 809,
19 814-15 (1994). However, even absent such a statutory grant or contractual right, the
20 Court retains the inherent power to shift fees in its discretion where a party acted in bad
21 faith, vexatiously, wantonly, or for oppressive purposes. Chambers v. NASCO, 501 U.S.
22 32, 45-46 (1991); accord Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001) (court's
23 inherent power to sanction available upon finding that party acted in bad faith or engaged
24 in "conduct tantamount to bad faith," including recklessness when combined with an
25 additional factor such as frivolousness, harassment, or an improper purpose). It is this

---

[3] At the very least, because the Court found Plaintiffs had "not properly stated any cause of action in the First Amended Complaint that would merit such equitable relief," any future action brought by Plaintiffs, without necessary corrections of fact and joinder of parties, would be highly susceptible to dismissal on its face.

1 power that Defendant asks the Court to invoke in awarding him fees. The Court declines
2 to do so.

3       The law requires a party's conduct meet a lofty level of impropriety before it is
4 dubbed "bad faith" and that standard has not been met in this case. As noted in the
5 Court's prior order, there is reason to suspect that all parties to the suit were involved in
6 some sort of international stock scheme. (Order at 5-6.) The Court denied Plaintiffs'
7 request for equitable relief based on their somewhat dubious claim to ownership of the
8 NorMex stock at issue. However, while Plaintiffs were not found to have a true ownership
9 interest, it is clear that Defendant's sale of the stock was suspect as he offered no
10 credible evidence that he actually paid for the shares. The Court is not convinced of
11 Defendant's own virtuousness such that he should be entitled to fees in contradiction of
12 the longstanding "American Rule" against fee shifting. As such, the Court will not invoke
13 its discretionary power to award fees to Defendant.

14

15 ### III. CONCLUSION

16       For the above stated reasons, the Court **GRANTS** Defendant's motion for costs
17 and **DENIES** Defendant's motion for fees. The Defendant is directed to file a bill of costs
18 with the Clerk in accordance with Local Rule 54.1. The Clerk shall enter judgment
19 accordingly.

20

21

22 **IT IS SO ORDERED.**

23

24 DATED: November 22, 2006

25                                              */s/ Barry Ted Moskowitz*

26                                              Hon. Barry Ted Moskowitz
                                                United States District Judge

27

28